## ARGUED AND DETERMINED

### IN THE

# COURT OF COMMON PLEAS,

### FOR THE

# CITY AND COUNTY OF NEW YORK.

CHARLES H. HASWELL, Appellant, *against* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK, Re-
spondents.

(Decided February 3d, 1879.)

A resolution of the Board of Health of the City of New York, that on
and after a certain date the office of engineer to the Board should be
honorary, and that no salary should be attached to that office or paid to
that officer after that date, was communicated to the person then holding
the office at a yearly salary; whereupon he wrote to the Board that he was
gratified and complimented by the Board retaining him as honorary
engineer, and in testimony of his appreciation of the honor, would dis-
charge the duties of engineer whenever the Board should intrust them to
him. *Held*, that he could not recover compensation for services as
engineer thereafter rendered by him to the Board at its request. The
resolution and letter together constituted a complete contract for service
without pay, as honorary engineer; and no acceptance by the Board, in
reply to the letter, was requisite to complete such contract.

The presentation to the Board of a bill for such services, rendered by the
engineer during a subsequent year, and its audit and approval by them,

did not entitle him to recover the amount of that bill. If no indebtedness arose in consequence of the performance of the work, the board, by auditing the bill, could not create a liability.

EXCEPTIONS taken by the plaintiff at a trial term of this court, ordered to be heard, in the first instance, at the general term.

The action was brought to recover for services rendered by the plaintiff, as engineer to the Health Department of the City of New York, in the years 1871, 1872 and 1873.

Prior to June 1, 1871, the plaintiff had been engineer to the Board of Health, at a salary of $4,000 a year.

On May 24, 1871, the Board adopted a resolution, as follows:

" Resolved, That on and after June 1, 1871, the office of engineer to this Board be honorary, and that no salary be attached to that office or paid to that officer after that date."

This resolution was communicated to the plaintiff, who replied thereto as follows:

"May 30, 1871.

" SIR : The communication of the Board of Health of the 24th, regarding the discontinuation of my salary, is this day received.

" I am gratified and complimented by the Board retaining me as honorary engineer, and in testimony of my appreciation of the honor, submit that it will afford me great pleasure to discharge the duties of engineer whenever the Board shall see fit to intrust them to me.

" I have the honor to be yours, &c.,
" CHARLES H. HASWELL."

Subsequently, at the request of the Board, the plaintiff rendered services as engineer, in the years 1871, 1872 and 1873, for which he rendered bills to the Board.

The Board never acted upon the bills of 1871 and 1873, but by resolution passed May 17, 1873, approved the bill of 1872, for $1,600, and directed its payment.

No payment having been made, the plaintiff commenced this action to recover for the services rendered in the years 1871, 1872 and 1873.

At the trial a verdict was directed for the defendants, to which the plaintiff excepted; and his exceptions were ordered to be heard in the first instance at the general term.

*Elliott Sandford,* for plaintiff.

*David J. Dean,* for defendants.

VAN BRUNT, J.—[After stating the facts as above.]—The resolution of the Board, and the letter of the plaintiff, seem to indicate beyond much doubt that it was the understanding of the parties, at that time at least, that no compensation was to be paid for the services of the honorary engineer.

That the plaintiff so understood it, seems to be clearly indicated by the tone of his letter. He says: " in testimony of my appreciation of the honor, submit that it will afford me great pleasure to discharge the duties of engineer whenever the Board shall see fit to intrust them to me."

If the plaintiff was to receive full compensation for all the duties that he was to perform, it is difficult to see how his performance of the duties of engineer, under such circumstances, could in any way testify his appreciation of the honor which he says the Board had conferred upon him. It is probable that the plaintiff would have performed these duties without the honor, if he was to receive full compensation therefor.

It would seem to be plain that the plaintiff intended in some way to show his appreciation of the honor conferred upon him by the Board by performing the duties of engineer, and as he could not show such appreciation by performing such duties, receiving full compensation therefor, he must have understood that performing the duties attached to an honorary office, he was to receive no pay, and in that way testify to his appreciation of the honor.

It was urged that no evidence of the acceptance of the offer

of the plaintiff was shown. It is sufficient to say that the resolution of the Board was an offer to the plaintiff, and his letter to the Board was an acceptance of the offer, and that a complete contract was entered into.

The subsequent audit of the bill of 1872 cannot help the question. If no indebtedness arose in consequence of the performance of the work, the Board of Health by the auditing of a bill could not create a liability. They could only audit where a liability existed and which is adjusted by the audit, but they cannot by their audit create a debt.

The plaintiff's exceptions must be overruled and judgment entered for the defendants.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Exceptions overruled, and judgment ordered for defendants.*

---

* The judgment entered upon this decision was affirmed by the Court of Appeals, June 1st, 1880 (see 81 N. Y. 255).